IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ALLISON NAZINITSKY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-19-43-R |
|  | ) |  |
| INTEGRIS BAPTIST MEDICAL CENTER, INC., d/b/a NAZIH ZUHDI TRANSPLANT INSTITUTE, | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

# ORDER

Before this Court is Defendant INTEGRIS Baptist Medical Center, Inc.'s Motion to Dismiss (Doc. 6). The matter is fully briefed and at issue. *See* Docs. 6, 9–10. For the reasons stated herein, the Court DENIES Defendant's motion.

## I. Background

The Court takes as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to Plaintiff. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Plaintiff Allison Nazinitsky brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1). *See* Doc. 1, at 3–5. Plaintiff is a board-certified physician of internal medicine and infectious disease, and she was hired by Defendant in this capacity in 2015. *Id.* at 2.[1] While employed with Defendant, Plaintiff was

---

[1] According to the complaint, Defendant hired Plaintiff on "February 31, 2015." Doc. 1, at 2. As Defendant rightly points out, February has at most 29 days (and, more frequently, 28 days). Doc. 6, at 2 n.1. In her

paid less than her male counterparts for substantially similar work; specifically, a male transplant nephrologist and a male medical director each received salaries falling within the ninety-ninth percentile of compensation for their positions, while Plaintiff's salary fell within the twenty-fifth percentile for her position. *Id*. at 2–3. Moreover, she was not provided adequate support staff, including no secretarial, nursing, or medical assistance, during her employment with Defendant. *Id*. at 3. Plaintiff complained about this mistreatment, but Defendant did not address her concerns. *Id*. After an accusation of inappropriate conduct was lodged against Plaintiff—which she asserts was false and retaliatory—she was constructively discharged on May 17, 2017. *Id*. at 2–3.

Based on these allegations, Plaintiff brings charges of discriminatory and retaliatory discharge, unequal pay, and a hostile work environment—all in violation of Title VII—and unequal pay in violation of the EPA. *Id*. at 3–5. Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. 6.

## II. <u>Legal Standards for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss</u>

A legally-sufficient complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).[2] In operation, the rule requires that a complaint contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

Charge filed with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff asserts that Defendant hired her on July 31, 2015, which Defendant asserts was the date of hire. *Id*.; *see also* Doc. 6-1, at 2.

[2] A legally-sufficient complaint must also include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." *Id*.

(2007)). This standard "is 'a middle ground between heightened fact pleading . . . and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). That is, the plaintiff's complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1192 (internal quotation marks and citations omitted). While assessing plausibility is "a context-specific task . . . requir[ing] . . . court[s] to draw on [their] judicial experience and common sense," *Iqbal*, 556 U.S. at 679, complaints "'plead[ing] factual content that allows the court to . . . reasonabl[y] infer[] that the defendant is liable for the misconduct alleged'" are facially plausible. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. Discussion

Defendant makes three arguments in favor of dismissal: Plaintiff (1) fails to plead sufficient factual content to indicate whether her Title VII claims are timely, (2) failed to exhaust her hostile work environment claim, and (3) fails to plausibly state an EPA claim. *See* Doc. 6. These arguments are unavailing.

### (1) Defendant's Exhaustion-Related Arguments

Defendant's first two arguments center on whether Plaintiff timely and properly exhausted her Title VII claims. Doc. 6, at 1–7. Failure to exhaust is an affirmative defense. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Consequently, Defendant may raise it on a motion for dismiss if the "grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, No. 18-1096, --- F. App'x ---, 2019 WL 1594778,

3

*3 (10th Cir. April 15, 2019); *cf. Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) ("A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." (internal quotation marks, citation, and brackets omitted)).

"An employee wishing to challenge an employment practice under Title VII must first 'file' a 'charge' of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (quoting 42 U.S.C. § 2000e-5(e)(1)). "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks, citation, and brackets omitted). The EEOC charge must be filed within a specific time period—for Plaintiff, 300 days—after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

When the charge-filing clock begins to run depends on the type of unlawful employment practice being alleged. For "discrete retaliatory or discriminatory act[s]," such as "termination, failure to promote, denial of transfer, or refusal to hire," a plaintiff must file a charge covering these acts within 300 days of the date upon which they happened. *Morgan*, 536 U.S. at 110, 114; *see also Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) ("[E]ach discrete [discriminatory or retaliatory] incident . . . constitutes its own unlawful employment practice for which administrative remedies must be exhausted." (internal quotation marks and citation omitted)). Title VII hostile work environment and

4

disparate pay claims operate differently. For hostile work environment claims, "[i]t does not matter . . . that some of the component acts of the hostile work environment fall outside the statutory time period" so long as "an act contributing to the claim occurs within the filing period." *Morgan*, 536 U.S. at 117. Similarly, the time period for filing an EEOC charge alleging disparate pay resets with "each paycheck affected by a discriminatory decision." *Groesch v. City of Springfield*, 635 F.3d 1020, 1024 (7th Cir. 2011); *see also* 24 U.S.C. § 2000e-5(e)(3) ("[A]n unlawful employment practice occurs, with respect to discrimination in compensation . . . when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid . . . ."); *Salemi v. Colo. Pub. Emps.' Ret. Ass'n*, 747 F. App'x 675, 689 n.7 (10th Cir. 2018) (noting that "Congress, by way of the Lilly Ledbetter Fair Pay Act . . . apparently subject[ed] claims based on disparate pay to the continuing violation theory for purposes of exhaustion . . . ").

Defendant first argues that Plaintiff's complaint lacks "specific time-references or dates for the acts alleged or for the asserted bases of gender discrimination and retaliation." Doc. 6, at 1–2. Because Plaintiff "asserts [only] a very broad and general time frame" in her complaint, says Defendant, her Title VII claims are improperly pled and subject to dismissal. *Id*. 2, 6. The Court is not convinced by this argument. To begin, the parties seem to agree on the 300-day period applicable here: as Plaintiff filed her EEOC charge on March 6, 2018, she could pursue claims relating to acts occurring as early as May 10, 2017, 300 days prior to the charge filing date. *See* Doc. 6, at 5–6; Doc. 9, at 4; *see also* Doc. 10, at 1. Moreover, Defendant's assertion that "Plaintiff does not provide a date reference for

. . . alleged acts of discrimination or retaliation" is inaccurate. Plaintiff states that her employment with Defendant ended on May 17, 2017, the day she was constructively discharged. *See* Doc. 1, at 2–4. Plaintiff also asserts that her May 17, 2017, discharge was, in addition to being discriminatory, retaliatory. *See id.* at 4–5. By Defendant's own admission, claims arising from this discharge would be timely exhausted because they fell within the 300-day period running from May 10, 2017, to March 6, 2018. Likewise, as Plaintiff avers that she suffered wage discrimination and a hostile work environment over the course of her employment period, which would include May 10 through May 17, 2017, Plaintiff's Title VII disparate pay and hostile work environment claims would be timely exhausted because acts contributing to the claims occurred during the filing period. Thus, Plaintiff appears to have asserted only timely-exhausted Title VII claims.

More importantly for the purposes of this motion, though, Defendant has not established that any of Plaintiff's claims are clearly untimely—that is, it has not established that the grounds for its timeliness affirmative defense are clear from the face of the complaint. "Plaintiffs have no obligation to plead against affirmative defenses." *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 671 (10th Cir. 2014). A timeliness affirmative defense "can only serve as a basis for dismissal . . . if 'the allegations in the complaint suffice to establish that ground.'" *Bauer v. City & Cty. of Denver*, 642 F. App'x 920, 924 (10th Cir. 2016) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("What a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them."). Defendant's pursuit of a timeliness affirmative defense at the

motion-to-dismiss stage, when the face of the complaint does not clearly establish the grounds for the defense, is, therefore, premature and unavailing. Thus, the Court will not dismiss Plaintiff's Title VII claims for failure to timely exhaust.

Defendant also argues that Plaintiff did not exhaust her hostile work environment claim because she did not include it in her March EEOC charge. *See* Doc. 6, at 6–7. As the Tenth Circuit recently stated,

> [t]he exhaustion rule derives from two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance. To advance these purposes, after a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC. While we liberally construe the plaintiff's allegations in the EEOC charge, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim. The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge.

*Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164–65 (10th Cir. 2018) (internal quotation marks, citations, brackets, and emphasis omitted). Defendant argues that Plaintiff made "no mention of alleged gender harassment towards her or a hostile work environment in [her] EEOC Charge." Doc. 6, at 7 (emphasis omitted); *see also* Doc. 10, at 2.

Plaintiff included the following allegation in her EEOC charge:

Abusive and hostile treatment of female physicians at the NZTI is common place. From 2014 through present, there have been 8 female physicians employed by IBMC at the NZTI. Of those 8, three left before the first term of her contract expired. A fourth recently left mid-contract term. These physicians each have complained of hostility and lack of support from NZTI administrative staff and management. I believe that each left voluntarily or

> were forced to leave because, in part, she could no longer tolerate the lack of support compared to male physician counterparts.

Doc. 6-1, at 3. Plaintiff also included more general allegations of hostile and dismissive treatment—treatment that her male colleagues did not suffer. *See id*. at 2–3. Liberally construing the EEOC charge and reading Plaintiff's allegations together, it seems clear that Plaintiff's sex-based hostile work environment claim falls within the scope of a reasonable EEOC investigation growing out of her charge. Thus, the Court will not dismiss Plaintiff's hostile work environment claim for failure to exhaust.

(2) <u>Defendant's EPA Argument</u>

Defendant also argues that Plaintiff's EPA claim fails to meet Rule 8(a)(2)'s pleading standard, as refined by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. Doc. 6, 7–9; *see Khalik*, 671 F.3d at 1191 (noting that "Rule 8(a)(2) still lives" after *Twombly* and *Iqbal*'s "refined standard"). Under the EPA, "[n]o employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ." 29 U.S.C. § 206(d)(1). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192. Accordingly, Plaintiff can establish a *prima facie* case of pay discrimination under the EPA by demonstrating that "(1) she was performing work which was substantially equal to that of the male employees

considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances." *Riser v. QEP Energy*, 776 F.3d 1191, 1196 (10th Cir. 2015) (internal quotation marks and citation omitted).

In her complaint Plaintiff avers that she "was paid less than male employees even though she performed substantially equal work." Doc. 1, at 2; *see also id*. at 3 ("Male employees of Integris were paid more than Plaintiff for performing equal work, work of substantially equal skill, effort and responsibility, under similar working conditions."). She also cites two male comparators, a non-surgical transplant nephrologist and a "medical director, same as Plaintiff," who received more pay than did Plaintiff. *Id*. at 3. Contrary to Defendant's argument, the Court finds that Plaintiff has included sufficient factual content in her complaint—taken as true—to state a plausible EPA claim and, therefore, will not dismiss it.

## IV. Conclusion

Defendant has failed to show that Plaintiff did not timely and properly exhaust her Title VII claims or that her EPA claim, as pled, is so deficient that it does not give Defendant fair notice. Thus, for the reasons stated above, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED this 13th day of May, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE